UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**  (IN CHAMBERS): DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, AND OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (filed August 7, 2013)

## I.    INTRODUCTION

On March 6, 2011, pro se plaintiff Marilyn Lawrence filed the instant action in this court against Daniel Sadek d/b/a/ Quick Loan Funding Inc. ("Quick Loan"), Mortgage Electronic Registration Systems, Inc. ("MERS"), OCWEN Loan Servicing, LLC ("Ocwen"), Executive Trustee Service, LLC d/b/a/ ETS Service, LLC ("ETS Services"), and Lleanna Peterson as agent for Executive Trustee Service, LLC d/b/a/ ETS Services. On July 24, 2012, plaintiff filed her first amended complaint. Plaintiff alleges the following claims for relief: (1) breach of fiduciary duty, (2) fraud, (3) fraudulent misrepresentation, and (4) usury.

On August 7, 2012, defendants MERS and Ocwen filed a motion to dismiss for failure to state a claim upon which relief can be granted.  On September 24, 2012, plaintiff filed an opposition to the motion to dismiss, and on September 28, 2012, defendants filed a reply to the opposition.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

At some time prior to 2006, plaintiff Marilyn Lawrence purchased residential property at 5851 7th Avenue, Los Angeles, CA 90043 ("the property").  On May 3, 2006,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

plaintiff executed a cash out refinance loan in the amount of $229,000.00 from non-party Quick Loan ("the loan agreement"), and executed a deed of trust for the property securing the loan. RJN, Exhibit 1. Ocwen acted as the servicer of the loan. FAC at Exhibit J. On July 12, 2010, MERS executed an assignment of deed of trust as an agent for Quick Loan, assigning the beneficial interest to U.S. Bank. RJN, Exhibit 2.

On September 19, 2011, U.S. Bank executed a substitution of Trustee naming ETS Services as the trustee under the deed of trust. RJN, Exhibit 3. On October 10, 2011, after plaintiff defaulted on her loan obligations, a notice of default was recorded. RJN, Exhibit 4. At that time, plaintiff was in arrears $50,017.57. Id. When plaintiff did not cure the default, a notice of trustee's sale was recorded on January 17, 2012. RJN, Exhibit 5. The property was sold on February 24, 2012, at a Trustee's Sale. RJN, Exhibit 6.

Essentially, plaintiff's allegations state that defendants failed to advise plaintiff that she would be financially incapable to of making payments on her loan. Additionally, plaintiff alleges that her loan application contains false statements about her financial status. Specifically, plaintiff's Uniform Residential Loan Application indicated that plaintiff had an income of $6,200.00 per month and real property with a fair market value of $440,000.00 or $455,000.00. FAC, Exhibit A. However, plaintiff alleges that she only had an income of $1,500.00 per month, and her home was only worth $100,000.00 to $120,000.00. FAC at 3, Exhibit J.

### III.   LEGAL STANDARD

####   A.   Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

**IV.   DISCUSSION**

    **A.   Breach of Fiduciary Duty**

Plaintiff argues that defendants breached a fiduciary duty by allowing plaintiff to enter the loan agreement knowing that she would default. According to plaintiff, defendants owed her a fiduciary duty because Quick Loan, her lender, was one of defendants' "clients." Defendants argue in response that (1) defendants do not owe a fiduciary duty to plaintiff because they were not parties to the loan transaction, and (2) even if they or their agents were parties to the transaction, lenders generally do not owe a fiduciary duty to borrowers.

The Court finds that plaintiff's claim should be dismissed because defendants do not owe a fiduciary duty to plaintiff. To successfully raise a cause of action for breach of fiduciary duty, plaintiff must show (1) the existence of a fiduciary relationship, (2) breach, and (3) damage proximately caused by that breach. Pierce v. Lyman, 1 Cal.App.4th 1093, 1101 (Cal. Ct. App. 1991). A fiduciary relationship exists where one "knowingly undertake[s] to act on behalf and for the benefit of another, or. . .enter[s] into a relationship which imposes that undertaking as a matter of law." City of Hope Nat. Medical Center v. Genentech, Inc., 43 Cal.4th 375, 385 (2008). "[A]bsent special circumstances. . .a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." Oaks Management Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006).

Here, plaintiff has not alleged facts demonstrating the existence of a fiduciary relationship with defendants. Based on the facts alleged, defendants do not owe plaintiff a fiduciary duty because (1) defendants were not parties to the original loan agreement, and (2) even if defendants acted as lenders, courts have repeatedly established that lenders do not owe borrowers a fiduciary duty. Furthermore, plaintiff cannot demonstrate that she has a fiduciary relationship with defendant by virtue of the fact that she executed the loan agreement with Quick Loan, and Quick Loan has a "client relationship" with defendants. These facts fail to demonstrate a fiduciary duty between plaintiff and defendant because (1) plaintiff has not alleged facts demonstrating the existence of a fiduciary relationship between plaintiff and Quick Loan, (2) Quick Loan does not owe a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

fiduciary duty to plaintiff by nature of the lender-borrower relationship, and (3) even if a fiduciary relationship exists between plaintiff and Quick Loan, plaintiff does not explain how the alleged client relationship between defendants and Quick Loan would impose a fiduciary relationship between plaintiff and defendants. Accordingly, plaintiff cannot state a claim for breach of fiduciary duty against the defendants.

### B. Fraud and Fraudulent Concealment

Plaintiff alleges that defendants are liable for fraud because they misrepresented plaintiff's income and the appraised fair market value of plaintiff's home. Additionally, plaintiff alleges that defendants are liable for fraudulent concealment because they concealed material facts regarding plaintiff's inability to pay the loan.

To raise a claim for fraud, plaintiff must show (1) misrepresentation; (2) knowledge of the statement's falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. Flaxel v. Johnson, 541 F. Supp.2d 1127, 1145 (S.D. Cal. 2008). Similarly, a cause of action for fraudulent concealment requires that (1) defendant must have concealed or suppressed a material fact, (2) defendant must have been under a duty to disclose the fact to the plaintiff, (3) defendant must have intentionally concealed or suppressed the fact intending to defraud plaintiff, (4) plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) plaintiff must have sustained damage as a result of the concealment or suppression of the fact. Kaldenbach v. Mutual of Omaha Life Ins. Co., 178 Cal.App.4th 830, 850 (2009).

Here, plaintiff's allegations do not meet the heightened pleading standards of Rule 9(b). In fact, plaintiff does not describe any specific misrepresentations made by defendants that plaintiff relied on. Plaintiff generally alleges that defendants were part of a scheme to defraud plaintiff into entering into the loan agreement, but provides no details on what specific role defendants played in this scheme, nor when, where, and how this scheme took place. The only misrepresentations plaintiff identifies are statements in her loan application and underwriting documents that plaintiff's income was $6,200 per month, when in fact it was far lower. Plaintiff does not, however, allege that she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

justifiably relied on these statements, nor can she because she purportedly knew they were untrue.

      Plaintiff's claim for fraudulent concealment also fails. Like plaintiff's claim for breach of fiduciary duty, her fraud by concealment claim can only succeed if defendants owed plaintiff a duty to disclose the fact that she would likely not be able to afford the loan.[1] As discussed above, defendants owe no fiduciary duty to plaintiff, and plaintiff alleges no other facts that would give rise to a duty to disclose in this case. Moreover, courts have rejected allegations akin to plaintiff's on the grounds that they appear to erroneously conflate loan qualification and loan affordability by assuming that a borrower is "entitled to rely upon [the lender's] determination that [she] qualified" for the loan in order to decide if she could afford it. Perlas v. GMAC Mortg., LLC 187 Cal.App.4th 429, 436 (2010). A lender is under no duty "to determine the borrower's ability to repay the loan. . . .The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." Id.; Renteria v. U.S., 452 F.Supp.2d 910, 922–923 (D. Ariz. 2006). Accordingly, plaintiff has not alleged facts sufficient to state a claim for fraudulent misrepresentation and fraudulent concealment.

      The Court previously granted plaintiff leave to amend her complaint to identify the grounds upon which relief can be granted for her fraud claims, but plaintiff has failed to allege fraud with the specificity required by Federal Rule of Civil Procedure 9(b), and has failed to allege that defendants had a duty to disclose. Therefore, it appears that plaintiff cannot allege sufficient facts to state a claim for fraud or fraudulent concealment against defendants, so the Court finds that these claims should be dismissed with prejudice.

---

[1] Duty is present in fraudulent concealment claims where (1) there is a fiduciary relationship, (2) defendant had exclusive knowledge of material facts unknown to plaintiff, (3) defendant actively conceals a material fact, or (4) defendant makes partial representations about material facts. Heliotis v. Shuman, 181 Cal.App.3d 646–651 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1372-CAS (CWx) | Date | February 6, 2013 |
|---|---|---|---|
| Title | MARILYN LAWRENCE V. DANIEL SADEK ET AL. | | |

### C.  Usury

Plaintiff alleges a usury claim against defendants.  To state a claim for usury, a plaintiff must allege that (1) plaintiff entered into a transaction that was a loan or forbearance of the use of money; (2) the loan or forbearance was made by a nonexempt lender and in a nonexempt transaction; (3) the interest received by the lender must be in excess of the statutory maximum rate that is applicable to the transaction; and (4) the lender had a willful intent to enter a usurious transaction.  <u>Terry Trading Corp. v. Barsky</u>, 210 Cal. 428, 433 (1930); <u>see also</u> Miller & Starr 8 Cal. Real Est. § 21:2 (3d ed.).  Here, plaintiff has not alleged any of the required elements of a claim for usury. Even if defendants acted as "lenders" in the loan transaction, real estate lenders are exempt from California usury laws.  Cal. Const. art. XV, § 1.   Additionally, plaintiff's interest rate on the loan was 7.5%, which was not in excess of the maximum 10% interest rate allowable by law.  Id.  Accordingly, plaintiff cannot allege a claim for usury against the defendants.

### D.  **Plaintiff's claim alleging insufficient funds at her cash-out refinance.**

Plaintiff also alleges she did not receive the full amount of money to which she was entitled from her cash out refinance.  In support of this claim, plaintiff points to a discrepancy in her loan documents, which suggest that she only received $81,603.76 from her cash out refinance, even though other documents indicate that she was to receive $101,454.99 in cash. Opp. at 4; Ex. A at 10 ($101,454 cash to borrower); Ex. A at 11 (only transferring $81,603.78 to borrower).  Because defendants MERS and Ocwen were not parties to the original loan agreement and were not involved in the execution of the agreement, these facts do not give rise to a claim against defendants.

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |